IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carmella Jeffers,

    Plaintiff,

v.

City of Washington, et al.

    Defendants.

Civil Action No. 14-1361

MEMORANDUM OPINION

Conti, Chief Judge

## I. Introduction

Plaintiff Carmella Jeffers ("Jeffers") filed a complaint (ECF No. 1) asserting violations of the U.S. Constitution and state law against defendants the City of Washington ("Washington"), Ron McIntyre ("McIntyre"), Linda Carrozza, and Jennifer Carrozza (with Linda Carrozza, the "Carrozzas"). Jeffers asserts that the Carrozzas negligently constructed a building, causing water from their property to damage Jeffers's property, and Washington and McIntyre violated her constitutional rights by arbitrarily failing to enforce the law. There are four counts in the complaint: count 1 asserts that Washington negligently supervised and trained McIntyre, a code enforcement officer employed by Washington; count 2 asserts that Washington and McIntyre arbitrarily enforced ordinances and regulations and denied Jeffers her right to equal protection under the Fourteenth Amendment of the U.S. Constitution; count 3 is an "action in mandamus" under state law seeking a court order commanding Washington and McIntyre to enforce the city ordinances against the Carrozzas; and count 4 is a state-law negligence claim against the Carrozzas. Washington and McIntyre filed a motion to dismiss counts 1, 2, and 3. (ECF No. 9).

In resolving the motion to dismiss, the court will first address the allegations under federal law. The primary federal claim in the complaint is the equal protection

violation asserted under 42 U.S.C. § 1983 in count 2. With respect to count 1, a municipality's failure to train its employees adequately can also serve as the basis for liability under § 1983. Although it is not clear from the complaint whether the allegations in count 1 are intended to be asserted under federal or state law, the count will analyze count 1 as a federal claim. Because the court finds that the federal claims in counts 1 and 2 are insufficiently pleaded, the court will dismiss counts 1 and 2 (to the extent they assert federal claims) without prejudice. Jeffers will be given leave to file an amended complaint to replead counts 1 and 2. The court will not address the motion to dismiss count 3 at this time because if Jeffers is not able to sufficiently plead a federal claim, the court will dismiss the state-law claims without prejudice.

## II. Legal Standard

A motion to dismiss tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff is likely to prevail on the merits. The court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556–57) (internal citation omitted). Two working principles underlie *Twombly*. *Id.* First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Facts Alleged in the Complaint

The following factual allegations are accepted as true solely for the purpose of resolving the motion to dismiss. Jeffers owns a residence in Washington, Pennsylvania. (Compl. ¶ 1.) The Carrozzas own an adjacent property at a higher elevation. (*Id.* ¶ 2.) McIntyre is a Code Enforcement Officer working for Washington charged with knowing the laws relevant to his office. (*Id.* ¶ 4.)

The Carrozzas illegally constructed a building and partially completed another building with insufficient downspouts and rain gutters. (*Id.* ¶ 10.) The runoff from those buildings caused flooding and property damage on Jeffers's property. (*Id.*) The Carrozzas currently operate a commercial business on the property in violation of Washington's zoning ordinance. (*Id.* ¶ 77.) Jeffers informed McIntyre that her property was receiving excess storm water because of the illegal construction and that the excess water was causing significant damage. (*Id.* ¶ 11.) Jeffers also informed the Washington city council about the ongoing damage to her property and the illegal commercial operations. (*Id.* ¶¶ 12, 62.)

3

Despite many pleas for assistance, neither McIntyre nor the city council took sufficient steps to remedy the problem, leading to continuing damages. (*Id.* ¶¶ 15, 19.) Jeffers called McIntyre many times, and those calls often went unreturned. (*Id.* ¶ 16.) Jeffers's lawyer sent a letter to McIntyre requesting action, but no action was taken. (*Id.* ¶¶ 17–18.) McIntyre sent several letters to the Carrozzas, but he failed to take further action to bring them into compliance with the local ordinances. (*Id.* ¶ 27.) McIntyre's behavior toward Jeffers was combative. (*Id.* ¶ 29.) At one city council meeting, he yelled that Jeffers should contact her attorney. (*Id.* ¶ 14.) A member of city council told Jeffers to sue the city. (*Id.* ¶ 13.) McIntyre and Washington similarly acted rudely toward other Washington residents. (*Id.* ¶ 23.)

With respect to training, McIntyre had one three-hour course in blight and three three-hour courses in mobile and modular homes. (*Id.* ¶ 33.) McIntyre did not take any tests to determine his proficiency in these areas. (*Id.*) Washington was aware of McIntyre's alleged insufficient training. (*Id.*)

## IV. Discussion

The bases for federal jurisdiction in this case are counts 1 and 2: Jeffers's constitutional claims brought under 42 U.S.C. § 1983. Section 1983 does not create any substantive rights; rather, it is a vehicle for vindicating rights created by the U.S. Constitution or federal statute. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005). In analyzing a § 1983 claim, the court must first identify the constitutional or statutory right alleged to have been violated. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). As best the court can discern from the complaint, the only federal right at issue is Jeffers's right to equal protection under the Fourteenth Amendment asserted in count 2, and the court will address that count first.[1]

---

1     The complaint contains a single reference to defendants violating "the right of the people to be secure in their persons, houses, papers and effects of the Fourth Amendment." (Compl. ¶ 42.) The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, *against*

### A. Count 2

Jeffers alleges that Washington and McIntyre arbitrarily enforced the law and treated her differently from similarly situated persons. The Supreme Court has recognized that the Equal Protection Clause gives rise to "claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). To make out a class-of-one equal protection claim, "plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Curbside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). In cases involving disputes about land-use ordinances, the court should consider the similarity of the properties being compared, including their physical characteristics and their "similarities in the eyes of a defendant." *Hankin Family P'ship v. Upper Marion Twp.*, Civil No. 01-1622, 2012 WL 43610, at *11 (E.D. Pa. Jan. 6, 2012).

Jeffers asserts that she "was arbitrarily and differently treated than others similarly-situated who have had such damages from new construction adjacent to their property which must be brought into compliance with building codes." (Compl. ¶ 56.) This threadbare and conclusory "recital of the elements" of a class-of-one equal protection violation is insufficient to show a plausible claim to relief. *Iqbal*, 556 U.S. at

---

> *unreasonable searches and seizures.*" U.S. Const. amend. IV (emphasis added). The complaint contains no factual allegations that can be construed as involving a search or seizure. *See United States v. Jones*, 132 S. Ct. 945, 951 n.5 (2012) (noting that a search under the Fourth Amendment involves "an attempt to find something or to obtain information"); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."). No cognizable Fourth Amendment claim exists against McIntyre or Washington under the facts alleged in the complaint.

678. No similarly situated person is identified in the complaint. The complaint contains no factual allegations showing how Washington or McIntyre treated Jeffers differently from anyone else. Contrarily, the complaint alleges that "other property owners in the City of Washington have been accorded the same impolite and rude treatment from Code Enforcement Officer Ron McIntyre." (Compl. ¶ 23.) Jeffers submits that "discovery will reveal how said enforcement [of Washington ordinances] is unequally applied." (Br. in Opp. 11, ECF No. 12.) Conclusory allegations and the hope the discovery will reveal the specifics are insufficient to raise the claim to relief above the speculative level. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1220 (10th Cir. 2011) ("[A]fter *Twombly* and *Iqbal*, it is insufficient to simply allege that other, unidentified properties have 'comparable' or 'similar' conditions—the claim must be supported by specific facts plausibly suggesting the conditions on the properties and the properties themselves are similar in all material respects."); *Ruston v. Town Bd.*, 610 F.3d 55, 59 (2d Cir. 2010) (upholding dismissal of class-of-one equal protection claim because the plaintiff failed to identify specific examples of similarly situated persons and different treatment). Jeffers's equal protection claim (count 2) will be dismissed without prejudice to the extent it is asserted under § 1983.

### B. Count 1

In count 1, Jeffers asserts that Washington negligently or intentionally failed to train and supervise McIntyre. A municipality's failure to train its employees adequately can serve as the basis for liability under § 1983. *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Liability only attaches, however, "'where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact.'" *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). The plaintiff must show that the training deficiency actually caused the alleged constitutional violation. *Id.* The same "deliberate indifference" standard applies to allegations that a municipality's negligent supervision of its employees caused a constitutional violation. *Groman v. Twp. of Manalapan*, 47 F.3d

628, 637 (3d Cir. 1995). A municipality's failure to train or supervise is not a standalone constitutional violation. Instead, a plaintiff may assert liability against a municipality for the deprivation of a federally protected right by showing the municipality was deliberately indifferent to that right through its failure to train or supervise. Jeffers cannot successfully assert a § 1983 claim against Washington for failure to train or supervise McIntyre because the complaint did not contain sufficient facts to show a plausible equal protection or other constitutional violation. Count 1 will be dismissed without prejudice to the extent it is asserted under § 1983.

### C. Filing an Amended Complaint

Jeffers will have thirty days to file an amended complaint containing additional factual allegations supporting the federal claims if the additional factual allegations meet the requirements of Rule 11 of the Federal Rules of Civil Procedure. If an amended complaint is not filed within that time, the court will dismiss the federal claims in counts 1 and 2 with prejudice and will decline to exercise supplemental jurisdiction over the state-law claims in counts 1, 3, and 4. *See* 28 U.S.C. § 1367(c)(3). At that time, the court will dismiss the state-law claims without prejudice due to lack of federal jurisdiction. Jeffers may raise those claims in an appropriate state forum.

## V. Conclusion

The motion to dismiss filed by Washington and McIntyre will be granted in part. Counts 1 and 2 will be dismissed without prejudice. Jeffers will be granted leave to file an amended complaint. An appropriate order will be entered.

Dated: July 13, 2015    /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge