**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMELLA JEFFERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 14-1361 |
| | ) | |
| CITY OF WASH., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On August 27, 2015, defendants the City of Washington and Ron McIntyre (the "City defendants") filed a motion to dismiss the amended complaint of Carmella Jeffers ("plaintiff") for failure to state a claim upon which relief can be granted. (ECF No. 43.) Plaintiff's response to the City defendants' motion to dismiss was due on or before September 17, 2015 (*i.e.*, 21 days after the motion was filed). (ECF No. 19.) Plaintiff did not respond to the City defendants' motion to dismiss by that date.

On December 4, 2015, the court ordered plaintiff to show cause no later than December 11, 2015 why the City defendants' motion to dismiss should not be granted for failure to respond. (ECF No. 48.)

On December 11, 2015, plaintiff submitted an "answer" to the City defendant's motion to dismiss. (ECF No. 49.) In the "answer," plaintiff set forth conclusory statements, without citation to the record or case law, in numbered paragraphs "admit[ting]" or "den[ying]" contentions set forth in the City defendant's motion to dismiss, as though answering factual allegations in a complaint. *See, e.g.*, (ECF No. 49

1

("It is denied [that] [plaintiff's] [a]mended [c]omplaint fails to state with sufficient particularity a federal court claim. . . .").) In the "answer," plaintiff did not address or present any reason why plaintiff did not respond to the City defendant's motion to dismiss by September 17, 2015, as required by the court's December 4, 2015 order to show cause. Consequently, the court concludes plaintiff failed to show cause why the City defendant's motion to dismiss should not be granted, and it will be granted as a result.

In granting the City defendant's motion to dismiss, the court considered the merits of plaintiff's amended claims in addition to plaintiff's failure to show cause. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869–70 (3d Cir. 1984). For the same reasons set forth in the court's July 13, 2015 memorandum opinion (ECF No. 31 at 4–7), the court concludes that plaintiff's amended federal claims against the City defendants at Counts I and II are without merit, as plaintiff failed to allege sufficient facts to support plausible claims over which the court may exercise federal subject-matter jurisdiction.

Plaintiff's amended Equal Protection claim at Count 2 does not contain sufficient factual allegations for the court to plausibly infer that the City defendants treated plaintiff differently from anyone else, as required to state a "class of one" claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("[The Equal Protection Clause gives rise to] claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated. . . ."). Contrarily, plaintiff alleges the City defendants subjected plaintiff to the same treatment as other property owners. *See* (ECF No. 36 ¶¶ 35, 67, 68, 70, 82, 84, 89, 90, 92.) Plaintiff's amended

failure to train or supervise claim at Count 2 does not contain sufficient factual allegations for the court to plausibly infer a predicate constitutional violation, and a municipality's failure to train or supervise is not a standalone constitutional violation. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (noting that § 1983 is not itself "a source of substantive rights" but a "method for vindicating federal rights elsewhere conferred by . . . [the] Constitution. . . ."). For these reasons, the court concludes that plaintiff's amended complaint fails to meet the requirements of Federal Rule of Civil Procedure 8. Having allowed plaintiff the opportunity to amend, dismissal is warranted because future amendment would be futile.

For the reasons set forth in this memorandum opinion, the court will grant the City defendants' motion to dismiss (ECF No. 43), dismiss plaintiff's federal claims at Counts 1 and 2 of the amended complaint with prejudice, and dismiss plaintiff's remaining state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c). Because no claims remain, the court will deny as moot the motion to strike (ECF No. 38) and motion for reconsideration (ECF No. 46) filed by defendants Linda and Jennifer Carrozza. The court will order this case closed. An appropriate order will be entered.

DATED:          December 11, 2015

/S/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge
